William S. Ellis, Jr., Appellant,

v.

Richard Emery, Appellee,

and

Office of the United States Trustee, Trustee.

No. 07–15109.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 2, 2007 *.

Filed Jan. 4, 2008.

In re: **UPLAND PARTNERS**, a Hawaii Limited Partnership, Debtor, .

Timothy I. MacMaster, Honolulu, HI, for Debtor.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

William S. Ellis, Jr., Honolulu, HI, pro se.

Lyle S. Hosoda, Esq., Raina P. Mead, Esq., Lyle S. Hosoda & Associates, Honolulu, HI, for Appellee.

Curtis B. Ching, Office of the U.S. Trustee, Honolulu, HI, for Trustee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

William Ellis appeals pro se the bankruptcy court's order deeming him to be a vexatious litigant and imposing a prefiling review requirement. The bankruptcy court has the authority to impose such a sanction. *See In re Dyer*, 322 F.3d 1178, 1196 (9th Cir.2003) ("The inherent sanction authority allows a bankruptcy court to deter … improper litigation tactics."); *In re Rainbow Magazine*, 77 F.3d 278, 284 (9th Cir.1996) ("[B]ankruptcy courts have the inherent power to sanction vexatious conduct presented before the court."). The sanction is not "punitive" and therefore does not exceed the bankruptcy court's inherent authority. *See Dyer*, 322 F.3d at 1197.

Ellis received sufficient notice in the bankruptcy court's show cause order that incorporated by reference a prior order detailing Ellis's "improper, fraudulent and illegal behavior." Moreover, he was permitted to respond to the allegations before the court imposed the sanction. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir.2005) (noting sanctions require only "notice and an opportunity to be heard"). Finally, the court's order was sufficiently "narrowly tailored." *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir.2007). The bankruptcy court identified and discussed other alternatives, including a complete bar to any future filings, before selecting a sanction that would allow Ellis access to the court, but preclude him from filing frivolous papers. *See id.* at 1061 (noting prefiling order is narrowly tailored when it does not prevent filing but "merely subjects [pleadings] to an initial screening review by a district judge").

We are not unmindful that "pre-filing orders are an extreme remedy that should rarely be used." *Id.* at 1057. Nonetheless, we agree with the district court's reasoning in affirming the bankruptcy court's order that this case "presents the extreme circumstances in which an injunction against a vexatious litigant … is authorized to deter such conduct." Indeed, we also found it necessary to enter a prefiling order that requires Ellis to submit all "future notices of appeal" so that we may "review [his] submissions and determine whether they merit further review and whether they should be filed." *See In re Ellis*, No. 07–80057 (9th Cir. July 30, 2007) (unpublished order).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.